George E. Goerig
Law Office of George E. Goerig, LLC
1007 West 3rd Avenue, Ste. 301
Anchorage, AK 99501
907-278-9926
Attorney for Plaintiff Bradley A. Haslett

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRADLEY A. HASLETT, )<br><br>          Plaintiff, )<br><br>vs. )<br>          )<br>UNITED STATES OF AMERICA, )<br>          )<br>          Defendant. )<br>_____ ) | Case No. : \_\_ \_\_ CV\_\_ \_\_\_ \_\_<br><br>COMPLAINT |

Plaintiff alleges as follows:

### I.

Plaintiff is and, at all relevant times was, a resident of the State of Alaska.

### II.

Defendant is the United States of America.

### III.

This court has jurisdiction of this matter pursuant to 28 U.S.C. §1346, as it is for

the recovery of Internal Revenue taxes, penalties and interest and payroll taxes and

withholdings.

IV.

Plaintiff's social security number is 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. Windward Electric Service Inc.'s employer identification number is 87-0231362.

V.

Venue of this matter lies in the United States District Court for the District of Alaska because the Plaintiff resides in such District.

VI.

This is an action for recovery of Internal Revenue taxes (payroll taxes, withholdings and penalties and interest) erroneously or illegally assessed and collected.

VII.

Plaintiff timely filed a Claim for Refund and Request for Abatement for the quarters ending June 30, 2000, September 30, 2000 and December 31, 2001.

VIII.

On or about June 24, 2004 Defendant disallowed Plaintiff's claims.

IX.

The Defendant has erroneously concluded Plaintiff was a responsible person or a person in control (pursuant to Internal Revenue Code § 6722) of Winward Electric Service, Inc. and thus liable for Windward Electric's delinquent payroll taxes, penalties and interest and payroll taxes and withholdings. The Defendant has assessed a penalty against Plaintiff for the full amount of such taxes, penalties and interest that Defendant claims are due from Winward Electric Service, Inc.

X.

Attached as Exhibits are copies of Commissioner's notice of disallowance of claims dated June 24, 2004 (Exhibit 1), the Commissioner's Final Notice, Notice of Intent to Levy, Right to a Hearing dated July 19, 2004 (Exhibit 2), and the Commissioner's denial on appeal of Petitioner's request for abatement dated March 24, 2006. (Exhibit 3).

XI.

Plaintiff requests the Court redetermine the Defendant's failure to abate $347,187.92 (which includes interest through approximately June 24, 2004) assessed against Plaintiff for the tax periods ended June 30, 2000, September 30, 2000 and December 31, 2001. These taxes, penalties and interest were assessed under Internal Revenue Code (IRC) Section 6672 because the Commissioner determined Windward Electric Service, Inc. did not pay its federal employment taxes due in those quarters.

XII.

Plaintiff's claims for refund were filed in Salt Lake City, Utah on approximately April 9, 2004 (per IRS transcript of same date).

XIII.

On or about July 28, 2000 Windward Electric Service, Inc. filed its payroll tax return Form 941 for the quarter ending June, 2000 with the Internal Revenue Service.

On or about October 31, 2000 Windward Electric Service, Inc. filed its payroll tax return Form 941 for the quarter ending September, 2000 with the Internal Revenue Service.

XIV.

The deficiency, as determined by the Commissioner which is in dispute, is for federal employment taxes (assessed as a penalty) for the following amount: $341,782.

XV.

The determination of the payroll taxes, penalties and interest and payroll taxes and withholdings set forth in the Notice of Deficiency is based upon the following errors:

a.    The Plaintiff disagrees with the Denial of abatement dated June 24, 2004 which incorrectly asserts that Plaintiff was the Chief Executive Officer of Commspan at all times critical to the accrual of Windward Electric Service, Inc.'s liability for payroll taxes.

c.    The Plaintiff disagrees with the Denial of abatement dated June 24, 2004 which asserts that Plaintiff had the authority to control the payment of expenses for Winward Electric Service, Inc.

d.    The Plaintiff disagrees with the Denial of abatement dated June 24, 2004 which asserts that Plaintiff was the only person who could sign on behalf of Windward Electric Services, Inc. for the available line of credit note with KeyBank.

XVI.

The facts upon which the Plaintiff relies, as a basis of the Plaintiff's claims, include the following:

a.    During such periods, the Plaintiff was a Director of Commspan but denies he had authority or decision-making power.  The Commissioner has absolutely no proof

to support its assertions.

b.      During the quarters in question, the Plaintiff never had any authority or control of the payment of Winward Electric Service, Inc.'s expenses.  The Plaintiff had no authority to do any of the following on behalf of Winward Electric Service, Inc.'s:

(1)    hire or fire employees;

(2)    manage employees;

(3)    direct or authorize any payment of bills;

(4)    deal with any suppliers or customers;

(5)    negotiate any corporate purchases, contracts or loans;

(6)    open or close any corporate bank accounts;

(7)    sign or countersign any corporate checks;

(8)    guarantee or co-sign corporate bank loans;

(9)    make or authorize any bank deposits;

(10)   authorize any payroll checks;

(11)   prepare federal payroll tax returns or prepare federal deposit documents;

(12)   prepare federal excise tax returns;

(13)   sign federal excise tax returns;

(14)   authorize payment of federal tax deposits;

(15)   authorize payment of federal payroll taxes;

(16)   review federal income tax returns before filing; and

(17)   determine corporate financial policy.

d.    At no critical time was the Plaintiff the only person who could sign for the available line of credit at Key Bank.

e.    The Commissioner has absolutely no proof to support its assertions.

## XVII.

The following are hereby incorporated by this reference as further basis for the allowance of the subject Claims for Refund and Request for Abatement:

1.    Forms 843, Claim for Refund and Request for Abatement for the quarters ending 6/30/00, 9/30/00 and 12/31/01 with attachments thereto.

2.    The April 27, 2004 letter Request for Hearing and a second, undated, letter of approximately the same date, enclosing a memorandum dated April 2, 2004 with attachments, both signed by Barbara J. Schumacher, and

3.    The files and records of the Internal Revenue Service as to the subject Claims for Refund and Request for Abatement and their denial.

WHEREFORE, the Plaintiff prays the Court may hear this case and determine that:

a.    There is no federal payroll taxes, withholdings, penalties and interest deficiency of $347,187.92;

b.    The Commissioner erred in his/her notice of deficiency as alleged in each assignment of error set forth in this Complaint;

c.    The Commissioner's position is not substantially justified and that the Plaintiff be awarded reasonable attorneys' fees as the prevailing party under Code

Section 7430; and

The Court grant such other and further relief to which Plaintiff may be entitled.

DATED at Anchorage, Alaska, this __15th__ day of _____June_____, 2006.

LAW OFFICE OF GEORGE E. GOERIG, LLC
Attorney for Plaintiff Bradley A. Haslett

By: _____
George E. Goerig
ABA No. 7610092

## VERIFICATION

STATE OF ALASKA            )
                           )ss.
THIRD JUDICIAL DISTRICT    )

I, Bradley A. Haslett, say on oath or affirm that I have read the foregoing Complaint and believe all factual statements made in the document are true.

_____
Bradley A. Haslett

Subscribed and sworn to before me this 5th day of June, 2006.

_____
Notary Public and in for the State of Alaska
My Commission Expires: 6/18/08