

# DEPARTMENT OF THE TREASURY
## INTERNAL REVENUE SERVICE

COPY

Date: June 24, 2004    30 of 30

Person to Contact:
   M. Kay Moncla
Telephone Number:
   801 799-6886
FAX Number:
   801 799-6905
Employee Identification Number:
   87-30378
Refer Reply to:
   843 Claim

Bradley A. Haslett
P.O. Box 110570
Anchorage, AK  99511

**CERTIFIED MAIL**

Dear Mr. Haslett:

We have considered your request for a refund of $200.00 and abatement of $347,187.92 assessed against you for the tax periods ended 06-30-2000, 09-30-2000 and 12-31-2001. We assessed this amount under Internal Revenue Code (IRC) section 6672 because Winward Electric did not pay the federal Employment tax(es) due for the tax period(s) ended 06-30-2000, 09-30-2000 and  12-31-2001.  This is your legal notice that your claim for refund and abatement is disallowed. You claim you only had responsibility for  Aurora Electric, Inc: however you signed the bankruptcy petition taking Winward electric into bankruptcy . On this petition you signed as the Chief Executive Officer of Winward Electric and in the motion to change venue filed May 01, 2002 it states that the only officer remaining active in corporate affairs is Brad Haslett.

Winward Electric was a subsidiary of CommSpan who owned 100% of the stock. You were the CEO of CommSpan, and the evidence shows that you had control over the payment of expenses for Winward Electric. You were the only person who could sign for the $82,000.00 available on the line of credit note with Key Bank. The e-mails issued by you required your approval of all non trust expenses and established policy.  All of these factors are indicative of your position in the company and your ability to direct the payment of expense .

If you do not accept our conclusion, you may request reconsideration by the Internal Revenue Service's local office of Appeals.  You should make the request for an Appeals conference within 30 days of the date of this letter.  A request for an Appeals conference should describe the reasons you do not agree with our determination and should contain identifying information for the tax liability you wish to appeal.  Please mail your request for an Appeals conference to:

Complaint Ex. A, p. 1
Haslett v. USA

**Letter 3783 (Rev 10-2003)**
Catalog Number 37172B

6 mos.

2

50 South 200 East
Salt Lake City, Utah 84111
MS 5019

If you wish to bring suit or proceedings for recovery of any tax, penalties, and other moneys that were paid, and for which this notice of disallowance is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Court of Federal Claims. The law permits you to do so within two years of the mailing date of this letter. Please note, that even though you have complied with the requirements of Internal Revenue Code section 6672(c)(1) up to this point, the Internal Revenue Service may initiate collection action for the remaining unpaid portion of this liability if you do not file suit within 30 days from the date of this letter.

For any unpaid section 6672 liability that arises from periods beginning or transactions occurring after December 31, 1998, the Internal Revenue Service is required to suspend most of its collection activities if you file a proper lawsuit seeking a refund of those amounts listed on your disallowed refund claim for the section 6672 liability. While the Internal Revenue Service is prohibited from collecting the unpaid portion of your liability by levy, the limitation period for the Internal Revenue Service to collect this liability is also suspended, pursuant to IRC sections 6331(i)(5) and 6672(c)(4).

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Suzanne Collins
Technical Services Terr

Complaint Ex. A, p. 2
Haslett v. USA

Letter 3783 (Rev 10-2003)
Catalog Number 37172B