NELSON P. COHEN
United States Attorney
Room C-253, Federal Building and
United States Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071

GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6513

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| BRADLEY A. HASLETT, </br></br>      Plaintiff, </br></br>v. </br></br>UNITED STATES OF AMERICA, </br></br>      Defendant. </br>_____ </br></br>UNITED STATES OF AMERICA, </br></br>      Counterclaim Plaintiff, </br></br>v. </br></br>BRADLEY A. HASLETT </br></br>      Counterclaim Defendant. | Civil No. 06-w-00150 JWS </br></br>UNITED STATES' MOTION TO STAY THIS CASE |

Defendant, the United States of America, respectfully moves this Court for an order

staying the proceedings in this case until completion of proceedings in a related collection action that defendant filed against Plaintiff, David C. Gerber, James R. Millerberg and Toby J. Quesinberry in the United States District Court for the District of Utah.[1]

In support of this motion, defendant states the following:

The taxes at issue in this case arise from an assessment made against the Plaintiff under 26 U.S.C. § 6672 ("Section 6672"). Section 6672 is also known as the trust fund recovery penalty. Under that provision, one of more persons who are responsible for collecting, accounting for, and turning over to the United States taxes withheld from the wages paid to employees of a corporation, who wilfully fail to collect, account for or turn over those taxes, may be held personally liable for a penalty equal to one-hundred per cent of the taxes that should have been paid over. 26 U.S.C. § 6672. Because there are frequently multiple persons with such responsibilities, often more than one person is assessed and found liable for the penalty. See Turner v. United States, 423 F.2d 448, 449 (9th Cir. 1970); Hartman v. United States, 538 F. 2d 1336, 1340 (8th Cir. 1976).

In a typical trust fund recovery penalty case, a person against whom a penalty has been assessed pays a portion of the tax and files a claim for refund with the Internal Revenue Service followed by a civil action for refund under 26 U.S.C. § 7422(a) in the United States District Court. The United States then usually counterclaims for the entire remaining amount of the unpaid penalty. Where, as in this case, more than one person was assessed the penalty with respect to the corporation and/or tax quarters, the other persons are added to the civil action as counterclaim defendants pursuant to Rules 13(h), 19 and 20 of the Federal Rules of Civil

---

[1] The case in the United States District Court for the District of Utah is United States of America v. David C. Gerber, Toby J. Quesinberry, James R. Millerberg and Bradley A. Haslett, Civil Number 06-1044, and was filed on December 18, 2006. A copy of the Complaint filed in the United States District Court for the District of Utah is attached to this motion as Exhibit A.

Procedure.

The addition of all interested parties in one proceeding clearly serves judicial economy, by consolidating all the assessed persons in one action rather than litigating their respective liabilities piecemeal.  See In re Eichelberger, 1990 U.S. Dist. LEXIS 4217, *8 (N.D. IA. March 27, 1990) (Court found that withdrawal of the reference and consolidation with a District Court case filed against the other responsible party promoted judicial economy).  It also protects the interests of the United States because the various assessed parties cannot take inconsistent positions in different civil actions concerning the same penalties, and the possibility of the United States being "whipsawed" - i.e. obtaining inconsistent results in separate actions - is eliminated.  See id.

The Internal Revenue Service assessed penalties against Plaintiff, pursuant to Section 6672, as a responsible person who failed to pay over to the United States employment taxes of Winward Electrical Services, Inc., for the quarters ending June 30, 2000, September 30, 2000 and December 31, 2000.  The Internal Revenue Service also assessed Section 6672 penalties against David C. Gerber for failing to pay over to the United States employment taxes of Winward Electrical Services, Inc., for the quarters ending June 30, 2000 and September 30, 2000.  The Internal Revenue Service assessed Section 6672 penalties against Toby J. Quesinberry for failing to pay over to the United States employment taxes of Winward Electrical Services, Inc., for the quarters ending June 30, 2000 and September 30, 2000.  The Internal Revenue Service assessed Section 6672 penalties against James R. Millerberg for failing to pay over to the United States employment taxes of Winward Electrical Services, Inc., for the quarters ending June 30, 2000 and September 30, 2000.

The same withheld employment taxes are the subject of the instant case and the

collection suit filed, in the United States District Court for the District of Utah, against all of the parties assessed as responsible persons (Plaintiff, David C. Gerber, Toby J. Quesinberry and James R. Millerberg) of Winward Electrical Services, Inc. As required to give this Court jurisdiction, plaintiff allegedly paid $200.00 toward the assessed penalty.[2] This payment, however, represents only a small portion of the total assessed penalties. Defendant filed a counterclaim against Plaintiff in the instant suit for the balance of the penalty, however, a counterclaim cannot be filed against the other individuals assessed as responsible persons at Winward Electrical Services, Inc. because this Court does not have personal jurisdiction over David C. Gerber, Toby J. Quesinberry or James R. Millerberg (the three other individuals assessed as responsible persons of Winward Electrical Services, Inc. pursuant to Section 6672).[3] All of the parties can be brought into a single lawsuit in the United States District Court for the District of Utah because that Court has personal jurisdiction over all four of the individuals assessed a Section 6672 penalty for their participation in Winward Electrical Services, Inc.

Therefore, defendant elected, as it may,[4] to institute a collection suit against plaintiff and

---

[2] This payment of a so-called "divisible tax" represents the amount of federal income and social security taxes withheld from one employee for one quarter relevant to the penalties at issue.

[3] While the Court has personal jurisdiction over Plaintiff (because he lives within this judicial district), the Court does not have personal jurisdiction over Messrs. Gerber, Quesinberry or Millerberg. Winward Electrical Services, Inc. was located in Salt lake City, Utah, which is within the jurisdiction of the United States District Court for the District of Utah. Mr. Millerberg is a resident of Sandy, Utah. Mr. Gerber is a resident of California. Mr. Quesinberry is a resident of Washington. Neither Messrs. Gerber, Quesinberry or Millerberg had any contact with the District of Alaska as a result of their involvement with Winward Electrical Services, Inc. The United States District Court for the District of Utah has personal jurisdiction over Mr. Millerberg because he lives within that judicial district. The United States District Court for the District of Utah has personal jurisdiction over Plaintiff and Messrs. Gerber and Quesinberry because their involvement with Winward Electrical Services, Inc. occurred through its office located within the jurisdiction of the United States District Court for the District of Utah. Therefore, all four individuals assessed as responsible persons of Winward Electrical Services, Inc., pursuant to Section 6672, can be brought into a single lawsuit in the United States District Court for the District of Utah.

[4] In this case, the United States filed a counterclaim against Plaintiff, but was not able to file a counterclaim against the three other individuals assessed as responsible persons of Winward Electrical Services, Inc. pursuant to Section 6672. The fact that the United States filed a counterclaim against Plaintiff does not prevent the Court from staying this case because a counterclaim in a responsible person refund suit

the other assessed persons in the United States District Court for the District of Utah. The collection action in the United States District Court for the District of Utah will enable the United States to dispose of the question of liability for all of the individuals in one suit, prevent the individuals assessed as responsible persons from taking inconsistent positions and prevent the United States from being whipsawed. If this lawsuit is suspended, then plaintiff and defendant will only have to litigate one suit, in the United States District Court for the District of Utah, instead of two suits simultaneously. This will promote the efficient and economical administration of justice. See Allen v. United States, 225 Ct. Cl. 555, 557 (1980); In re Eichelberger, 1990 U.S. Dist. LEXIS 4217 (N.D. IA. March 27, 1990). Defendant submits that the interests of all the parties and of judicial economy are best served by suspending proceedings in the instant suit until completion of proceedings in the United States District Court for the District of Utah.

---

is not compulsory under Fed. R. Civ. P. 13(a). Caleshu v. United States, 570 F.2d 711 (8th Cir. 1978); Sequoia Prop. and Equip. Ltd. P'ship v. United States, 2000 U.S. Dist. LEXIS 15908 (E.D. Calif. October 4, 2000). "Courts have found that the 'strictures of Fed. R. Civ. P. 13 simply do not apply to counterclaims for delinquent taxes.'" Sequoia Prop. and Equip. Ltd. P'ship, 2000 U.S. Dist. LEXIS at *22 (quoting Gustin v. United States, 876 F.2d 485, 490 n.1 (5th Cir. 1989)). "'If the timing and forum are not the government's liking, the government need not bring the counterclaim.'" Id. (quoting Gustin, 876 F.2d at 490, n.1). "'[T]he nature and purpose of the statutes authorizing government tax collection suits demonstrate Congress' intent that such suits were not to be compulsory counterclaims.'" Id. at *23-*24 (quoting Caleshu v. United States, 570 F.2d 711, 713 (8th Cir. 1978)).

WHEREFORE, the United States respectfully requests that its Motion to Stay this Case be granted.

        NELSON P. COHEN
        United States Attorney

        s/ Goud Maragani
        GOUD P. MARAGANI
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-6513
        Email: Goud.P.Maragani@usdoj.gov
                Western.taxcivil@usdoj.gov

        Attorneys for United States

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the UNITED STATES' MOTION TO STAY THIS CASE has been made on this 27th day of December, 2006, by placing a copy thereof in a postage prepaid envelope addressed to:

George E. Goerig
Law Office of George E. Goerig, LLC
1007 West 3rd Avenue, Suite 301
Anchorage, AK 99501


s/ Goud Maragani
GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice