# EXHIBIT A

BRETT L. TOLMAN
United States Attorney

JARED BENNETT
Assistant United States Attorney

GOUD P. MARAGANI (*Pro Hac Vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6513

Attorneys for the United States of America

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 1 8 2006

MARKUS B. ZIMMER, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil No. |
| Plaintiff, ) | |
| ) | UNITED STATES' COMPLAINT |
| v. ) | |
| ) | Judge Ted Stewart |
| DAVID C. GERBER; ) | DECK TYPE: Civil |
| TOBY J. QUESINBERRY; ) | DATE STAMP: 12/19/2006 @ 08:30:19 |
| JAMES R. MILLERBERG ) | CASE NUMBER: 2:06CV01044 TS |
| BRADLEY A, HASLETT ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

The United States, by and through its undersigned counsel, complains and alleges as

follows:

    1. This is a civil action brought by the United States to reduce to judgment outstanding

federal tax assessments against David C. Gerber, Toby J. Quesinberry, James R. Millerberg and

Bradley A. Haslett.

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401.

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

4. Venue is proper in the District of Utah pursuant to 28 U.S.C. §§ 1391(b)(2) and 1396 because the business office of Winward Electrical Services, Inc. is located in Salt Lake City, Utah, and the tax returns were filed in Utah.

## IDENTIFICATION OF DEFENDANTS

5. Defendant David C. Gerber resides at 2859 Screech Owl Way, Sacramento, California 95834.

6. Defendant Toby J. Quesinberry resides at 3925 SW 317th Street, Federal Way, Washington 98023.

7. Defendant James R. Millerberg resides at 248 East 7845 South, Sandy, Utah 84070.

8. Defendant Bradley A. Hastlett resides at P.O. Box 110570, Anchorage, Alaska 99511 .

## COUNT I

## REDUCE TO JUDGMENT TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST DAVID C. GERBER FOR WINDWARD ELECTRICAL SERVICES, INC.

8. During the tax periods ending June 30, 2000 and September 30, 2000, David C. Gerber was responsible for collecting, accounting for and paying over to the United States the taxes withheld from wages paid to employees of Winward Electrical Services, Inc.

9. On the dates, in the amounts, and for the periods listed below, a delegate of the

Secretary of the Treasury made assessments, pursuant to 26 U.S.C. § 6672, against David C.

Gerber as a result of his willful failure to collect, truthfully account for and pay over to the

United States taxes required to be withheld from wages paid to employees of Winward Electrical

Services, Inc.

| Tax Period | Assessment Date | Amount of Assessment |
|------------|-----------------|----------------------|
| 06/30/2000 | 04/07/2006 | $ 50,170.92 (1) |
|  | 05/15/2006 | $     366.93 (2) |
| 09/30/2000 | 04/07/2006 | $295,219.60 (1) |
|  | 05/15/2006 | $   2,159.11 (2) |

(1)    Tax
(2)    Interest

10. Notice of the assessments described in paragraph 9, above, and demand for payment

of the assessments was given to defendant David C. Gerber. Despite such notice and demand,

David C. Gerber has failed to fully pay the assessments made against him.

11. Since the date of the assessments, described in paragraph 9, interest and statutory

additions have accrued and continue to accrue as provided by law.

### COUNT II

### REDUCE TO JUDGMENT TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST TOBY J. QUESINBERRY FOR WINWARD ELECTRICAL SERVICES, INC.

12. The United States realleges paragraphs 1 through 11.

13. During the tax periods ending June 30, 2000 and September 30, 2000, Toby J.

Quesinberry was responsible for collecting, accounting for and paying over to the United States

the taxes withheld from wages paid to employees of Winward Electrical Services, Inc.

14. On the dates, in the amounts, and for the periods listed below, a delegate of the

Secretary of the Treasury made assessments, pursuant to 26 U.S.C. § 6672, against Toby J.

Quesinberry as a result of his willful failure to collect, truthfully account for and pay over to the

United States taxes required to be withheld from wages paid to employees of Winward Electrical

Services, Inc.

| Tax Period | Assessment Date | Amount of Assessment |
|---|---|---|
| 06/30/2000 | 04/07/2006 | $ 50,170.92 (1) |
|  | 05/15/2006 | $      366.93 (2) |
| 09/30/2000 | 04/07/2006 | $295,219.60 (1) |
|  | 05/15/2006 | $   2,159.11 (2) |

(1)   Tax
(2)   Interest

15.  Notice of the assessments described in paragraph 14, above, and demand for payment

of the assessments was given to defendant Toby J. Quesinberry.  Despite such notice and

demand, Toby J. Quesinberry has failed to fully pay the assessments made against him.

16.  Since the date of the assessments, described in paragraph 14, interest and statutory

additions have accrued and continue to accrue as provided by law.

## COUNT III

## REDUCE TO JUDGMENT TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST JAMES R. MILLERBERG FOR WINDWARD ELECTRICAL SERVICES, INC.

17.  The United States realleges paragraphs 1 through 16.

18.  During the tax periods ending June 30, 2000 and September 30, 2000, James R.

Millerberg was responsible for collecting, accounting for and paying over to the United States the

taxes withheld from wages paid to employees of Winward Electrical Services, Inc.

19.  On the dates, in the amounts, and for the periods listed below, a delegate of the

Secretary of the Treasury made assessments, pursuant to 26 U.S.C. § 6672, against James R.

Millerberg as a result of his willful failure to collect, truthfully account for and pay over to the

United States taxes required to be withheld from wages paid to employees of Winward Electrical

Services, Inc.

| Tax Period | Assessment Date | Amount of Assessment |
|---|---|---|
| 06/30/2000 | 04/07/2006 | $ 50,170.92 (1) |
|  | 05/15/2006 | $    366.93 (2) |
| 09/30/2000 | 04/07/2006 | $295,219.60 (1) |
|  | 05/15/2006 | $  2,159.11 (2) |

(1)    Tax
(2)    Interest

   20. Notice of the assessments described in paragraph 19, above, and demand for payment

of the assessments was given to defendant James R. Millerberg. Despite such notice and

demand, James R. Millerberg has failed to fully pay the assessments made against him.

   21. Since the date of the assessments, described in paragraph 19, interest and statutory

additions have accrued and continue to accrue as provided by law.

**COUNT IV**

**REDUCE TO JUDGMENT TRUST FUND RECOVERY PENALTY ASSESSMENTS
AGAINST BRADLEY A. HASLETT FOR WINDWARD ELECTRICAL SERVICES,
INC.**

   21. The United States realleges paragraphs 1 through 21.

   22. During the tax periods ending June 30, 2000, September 30, 2000 and December 31,

2001, Bradley A. Haslett was responsible for collecting, accounting for and paying over to the

United States the taxes withheld from wages paid to employees of Winward Electrical Services,

Inc.

   23. On the dates, in the amounts, and for the periods listed below, a delegate of the

Secretary of the Treasury made assessments, pursuant to 26 U.S.C. § 6672, against Bradley A.

Haslett as a result of his willful failure to collect, truthfully account for and pay over to the

United States taxes required to be withheld from wages paid to employees of Winward Electrical

Services, Inc.

| **Tax Period** | **Assessment Date** | **Amount of Assessment** |
|---|---|---|
| 06/30/2000 | 04/07/2006 | $ 50,170.92 (1) |
| | 05/15/2006 | $     237.70 (2) |
| 09/30/2000 | 04/07/2006 | $295,219.60 (1) |
| | 05/15/2006 | $  2,159.11 (2) |
| 12/31/2000 | 02/23/2004 | $  1,797.40 (1) |
| | 04/05/2004 | $       8.51 (2) |

(1)    Tax
(2)    Interest

24. Notice of the assessments described in paragraph 23, above, and demand for payment

of the assessments was given to defendant Bradley A. Haslett. Despite such notice and demand,

Bradley A. Haslett has failed to fully pay the assessments made against him.

25. Since the date of the assessments, described in paragraph 23, interest and statutory

additions have accrued and continue to accrue as provided by law.

WHEREFORE the United States of America prays as follows:

A. That judgment be entered in favor of the United States and against defendant David C.

Gerber in the amount of $347,916.56 plus accrued interest and statutory additions as provided by

law from the date of the assessments made against him, less any applicable credits;

B. That judgment be entered in favor of the United States and against defendant Toby J.

Quesinberry in the amount of $347,916.56 plus accrued interest and statutory additions as

provided by law from the date of the assessments made against him, less any applicable credits;

C. That judgment be entered in favor of the United States and against defendant James R. Millerberg in the amount of $347,916.56 plus accrued interest and statutory additions as provided by law from the date of the assessments made against him, less any applicable credits;

D. That judgment be entered in favor of the United States and against defendant David A. Haslett in the amount of $348,832.86 plus accrued interest and statutory additions as provided by law from the date of the assessments made against him, less any applicable credits;

E. That the United States be awarded its costs; and

F. That the United States be granted such other and further relief as is just and proper.

Respectfully submitted,

BRETT L. TOLMAN
United States Attorney


JARED BENNETT
Assistant United States Attorney
District of Utah
185 South State Street, Ste. 400
Salt Lake City, Utah 84111
Telephone:    (801) 325-3259
Facsimile:    (801) 524-6926

GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 307-6513

Attorneys for United States of America