Raymond E. Plummer
ABA 6911045
RAYMOND E. PLUMMER, ATTORNEY LLC
1007 West Third Avenue, Suite 301
Anchorage, AK 99501
Telephone: 907-272-9665/Facsimile 907-345-5396
Attorney for Plaintiff Bradley A. Haslett

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRADLEY A. HASLETT,       ) | |
|       ) | |
|     Plaintiff,       ) | |
|       ) | Case No. 3:06-cv-00150 JWS |
| vs.       ) | |
|       ) | MEMORANDUM IN SUPPORT |
| UNITED STATES OF AMERICA,       ) | OF PLAINTIFF'S OPPOSITION TO |
|       ) | MOTION TO STAY AND CROSS- |
|       ) | MOTION TO ENJOIN THE IRS |
|     Defendant.       ) | FROM PURSUING ACTION IN THE |
|       ) | UNITED STATES DISTRICT COURT |
|       ) | FOR THE DISTRICT OF UTAH |
|       ) | |

## I. INTRODUCTION

Plaintiff, Bradley A. Haslett, opposes the United States Internal Revenue Services' ("IRS") Motion to Stay this Case and cross-moves asking this Court to enjoin the IRS from pursuing this matter against Mr. Haslett in the District Court for the District of Utah until the District Court for the District of Alaska case has been resolved.

Though titled a Motion to Stay, the IRS's motion is, in effect, a motion for change of venue. The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer; the IRS cannot meet this burden. Further, Mr. Haslett's poor health makes it dangerous for him to travel to Utah to defend this action.

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS         02112007-8
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 1 of 13

Finally, if the Court denies the IRS's motion to stay, Mr. Haslett requests that the Court also enjoin the IRS from pursing this case in Utah until it is resolved in Alaska. Mr. Haslett is preparing to file a motion to stay in the United States District Court for the District of Utah requesting the same relief.

## II. FACTUAL BACKGROUND

Plaintiff, Bradley A. Haslett has been a resident of the State of Alaska for over 30 years. See Affidavit of Bradley A. Haslett at ¶2. Mr. Haslett's business, Aurora Electric, Inc., became a subsidiary of CommSpan in September of 1999. Mr. Haslett became a Director of CommSpan but not an officer. At the time of the acquisition, Mr. Haslett's sole responsibility was to continue to operate Aurora Electric in Anchorage, Alaska. In September of 1999, CommSpan also acquired Winward Electrical Services, Inc. ("Winward"). In 2000, the officers of Winward failed to make trust fund deposits. Mr. Haslett was not informed about the failure to pay employment taxes for June, July, and August until September 2000. Because Mr. Haslett had no authority or control over Winward he could not order or direct Winward to pay delinquent taxes. So despite his repeated admonishments, Winward never paid the taxes and Winward and CommSpan collapsed in December 2001. During this time Mr. Haslett continued to work and reside in Alaska.

The IRS erroneously believes that Mr. Haslett is a "responsible person" under 26 U.S.C. §6672 and therefore made an assessment against him in the amount of $347,187.92. All correspondence sent by the IRS regarding this matter has been sent to Mr. Haslett here in Anchorage, Alaska. As required to give this Court jurisdiction in this matter, Mr. Haslett made a divisible tax payment towards the assessment and then

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS          02112007-8
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 2 of 13

brought suit in the District Court of Alaska for refund of the amount paid and abatement of the outstanding assessment against him.  See Complaint (already on file with this Court).

On August 25, 2006, the IRS answered Mr. Haslett's complaint and counterclaimed against him for the balance of the assessment.  See Answer and Counterclaim (already on file with this Court).  Counsel for the IRS telephonically attended a scheduling and planning conference on September 27, 2006 and jointly filed a scheduling and planning conference report, drafted by the IRS, in the Alaska District Court on October 23, 2006.  See Scheduling and Planning Conference Report (already on file with this Court).  The IRS continued to pursue this claim in Alaska, and on December 6, 2006 filed its initial disclosures.  The IRS filed its suit in Utah against Mr. Haslett on December 19, 2006 by way of an un-dated complaint.

Only *after* the IRS purposefully availed itself of this Court's jurisdiction for four months did it attempt to stay this case and try this matter in Utah so as to bring in three other individuals that it alleges are "responsible persons."  However the IRS surely knew of these potential additional parties long before December of 2006, and yet still chose to pursue this matter here in Alaska by way of its counterclaim.

Mr. Haslett has lived in Alaska for over 30 years and has experienced chronic, long term health problems for almost as long.  See Affidavit of Bradley A. Haslett at ¶¶2 & 3.   He currently suffers from Type 1 insulin dependent Diabetes, peripheral diabetic neuropathy, hypertension, diabetic kidney disease, severe edema, Gastro Esophageal Reflux Disease, Gastroparesis, Gastopathy, an anxiety disorder, and diabetic retinopathy causing blindness in one eye and intermittent hemorrhaging leading

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS                    02112007-8
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 3 of 13

to transient blindness in the other. Id. at ¶¶ 3-12. Because of his health conditions Mr.

Haslett cannot travel long distances or be away from his treating physicians for any

significant period of time. These conditions make traveling an extreme hardship as such

travel would pose a risk to Mr. Haslett's health. Id. at ¶16

### III. LEGAL ARGUMENT

The IRS "submits that the interest of all the parties and judicial economy are best

served by suspending proceedings in the instant suit until completion of proceedings in

the United States District Court for the District of Utah." Motion at 5. However what

this really means is that the party whose interest is best served by staying the Alaska case

and allowing the Utah case to proceed is the IRS itself. Certainly this is not in the best

interests of Mr. Haslett who filed his claim in Alaska (his place of residence). Mr.

Haslett has already chosen his venue and this choice should not be disturbed lightly.

### 1. IRS's Motion to Stay is Actually a Motion for Change of Venue

In Allen v. United States, 225 Ct.Cl. 555 (1980), a case cited by the IRS in its

Motion to Stay, the Court suggested that situations of this type are essentially "a venue

type problem." Despite the fact that IRS's motion is entitled "Motion to Stay," the effect

of the motion is the same as a motion for change of venue, and therefore the Court should

employ a change of venue analysis when deciding whether to stay the present action.

"Under §1404(a), the District Court has discretion to adjudicate motions for

transfer according to case-by-case consideration of convenience and fairness." Jones v.

GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). The party seeking to transfer

venue bears the burden of showing that convenience and justice require transfer.

Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir.1979).

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS                                02112007-8
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 4 of 13

In Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986), the court found that a District Court must consider: (1) the relative convenience of the selected forum and the proposed forum; (2) the possible hardship to the plaintiff if the Court grants the motion; (3) the interests of justice; and (4) the deference to be accorded the plaintiffs' choice of forum.

> Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient," and a **"transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer."** Further, there is a strong "presumption in favor of plaintiff's choice of forums." This presumption must be taken into account when deciding whether the convenience of the *parties* - rather than the convenience of *respondent* - requires a transfer.

Gherebi v. Bush, 352 F.3d 1278, 1030 (9th Cir. 2003) vacated on other grounds, 542 U.S. 952 (2004) (emphasis added) (citations omitted).

By requesting a stay in this matter in order to pursue an identical matter in Utah, the IRS is making an end-run around the basic venue analysis under Section 1404(a). And by staying this matter in Alaska, the Alaska Court would effectively transfer venue in this matter to Utah, thus shifting the inconvenience to the plaintiff, Mr. Haslett. Obviously, it would be more convenient *for the IRS* to pursue this matter in Utah. However the convenience of the IRS, which has access to significantly more resources than Mr. Haslett, is not a sufficient basis to severely prejudice Mr. Haslett. If this Court stays the present action it will force Mr. Haslett to litigate this matter far from his home in Alaska, costing him significant amounts of time and money.

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 5 of 13                                                                      02112007-8

From a financial aspect alone the hardship to Mr. Haslett is obvious: one round-trip ticket to Salt Lake City Utah costs at least five to nine hundred dollars. [1]  Mr. Haslett will have to make a number of trips down to Utah in order to litigate this matter.  The Court should not allow such an unjust result.

Mr. Haslett chose this venue when he filed his refund action in Alaska.  The IRS acquiesced to that choice of venue when it filed a counterclaim, engaged in case discussions, rejected settlement overtures by Mr. Haslett, participated in the parties' planning meeting, jointly submitted the report of the parties' planning meeting, and submitted its initial disclosures.

The pretrial planning conference report, submitted by the IRS, set out  proposed dates by which time the parties would be prepared for trial (July 16, 2007 for the IRS and June 1, 2007 for Mr. Haslett), obviously in Anchorage, Alaska, which presumably affected the Court's calendar, and led Mr. Haslett to believe that he would be trying this case in Alaska.  All the while the IRS planned to move this case to Utah and ask this Court to stay the Alaska case.  The Court should not allow the IRS to unduly burden Mr. Haslett after engaging in these efforts to pursue this action in Alaska.

The IRS argues that staying the Alaska case to allow it to pursue this action in Utah will prevent the United States from being "whipsawed." See Motion at 3.  However the concern that the parties may take inconsistent positions is not sufficient to disturb Mr. Haslett's choice of venue.  First, the IRS assumes that the parties in this matter will take inconsistent positions in different actions, i.e. the parties will lie.  This is certainly not the case.  Further, while it may be more convenient for the IRS to have all four cases

---

[1] Cost based price February 10, 2007 price quotation from Expedia.com for a Monday thru Friday trip scheduled a month in advance.

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS                    02112007-8
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 6 of 13

adjudicated simultaneously, it will not suffer a significant hardship by litigating the Haslett matter first. Whatever judgment this court makes in Alaska will serve as res judicata for question of Mr. Haslett's liability in the Utah matter. Therefore the IRS cannot give sufficient compelling reasons to move this case to Utah and the Court should not permit the IRS to merely shift the burden to Mr. Haslett for its own convenience.

## 2. Mr. Haslett will Suffer Significant Physical Hardship if Forced to Litigate in Utah

In addition to the time and expense of litigating in Utah, Mr. Haslett will suffer even more significant *physical* hardship if this case is moved to Utah. Mr. Haslett suffers from a host of chronic health problems including Type I insulin dependent Diabetes, peripheral diabetic neuropathy, hypertension, diabetic kidney disease, severe edema (caused by the poor kidney function), Gastro Esophageal Reflux Disease, Gastroparesis, Gastopathy, an anxiety disorder, and diabetic retinopathy causing blindness in one eye and intermittent hemorrhaging leading to transient blindness in the other. Affidavit of Bradley A. Haslett at ¶¶ 3-12. See also Exhibit A to Affidavit of Bradley A. Haslett (Letter from Patrick M. Nolan, D.O.), Affidavit of Scott Limstrom, M.D., and Affidavit of Kathleen Haslett. In addition to these chronic illnesses, Mr. Haslett has experienced a number of severe and life-threatening illnesses in the past five years including a subdural hematoma in 2004 which required brain surgery, and Acute Reparatory Distress Syndrome in 2005 which required that he be placed in a coma for 10 days and resulted in nine months of recovery during which time he could not walk. See Affidavit of Bradley Haslett at ¶¶ 13-14.

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 7 of 13                                                                                02112007-8

Though Mr. Haslett has thus far beaten the odds and survived both of these illnesses, thanks in large part to his physicians and his wife, his health is still declining and he will very likely suffer other extreme health crises in the future.

According to both Dr. Patrick M. Nolan, Mr. Haslett's primary care physician for his diabetes treatment and management, and Dr. Scott Limstrom, Mr. Haslett's treating ophthalmologist, litigating this matter in Utah would pose a risk to Mr. Haslett's health. Id.

In addition to his diabetes and eye problems, Mr. Haslett suffers from a host of illnesses that make traveling difficult and dangerous. For example, his gastrointestinal illnesses cause unpredictable bouts of alternating constipation and diarrhea which means he must carefully map out his routes so as to always be near lavatory facilities. See Exhibit A at ¶8. His anxiety disorder causes panic attacks which manifests by constricting his esophagus making it impossible to swallow food and causing frequent vomiting. Id. at ¶9. His kidney disease and associated edema (swelling in the ankles, legs and feet) makes it incredibly uncomfortable for Mr. Haslett to sit for any length of time which would make travel to Utah either by car or by air a significant hardship.

Furthermore, Mr. Haslett needs to remain near his treating physicians to ensure that he receives prompt and regular health care and maintenance as well as to make sure that the physicians most familiar with his conditions are on hand in the case of a medical emergency.

The health of a party is an important factor in a change of venue analysis. Courts have repeatedly considered the poor health of a party in deciding a motion for a change of venue in that party's favor. See NGC Worldwide Inc. v. Siamon, 2003 WL 1987001 (D.

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS
from Pursuing Action in the United States District Court for the District of Utah
Haslett v. U.S. Case No. 3:06-cv-00150 JWS
Page 8 of 13                                                                    02112007-8

Conn. April 21, 2003) (Court granted change of venue based on defendant's diabetic condition exacerbated by sitting for extended periods of time), <u>Vassallo v. Niedermeyer,</u> 495 F.Supp. 757 (D.C.N.Y. 1980) (plaintiff's substantial medical problems weigh heavily against transfer), and <u>Zeta-Jones v. Spice House,</u> 372 F.Supp. 2d 568 (C.D. Cal 2005) (The Court considered that traveling to California may pose a greater inconvenience to the defendant because of his medical condition.). In <u>NGC</u>, the Court placed significant weight on the defendant's doctor's opinion that defendant's diabetes posed a significant health risk if he was forced to travel. The Court transferred venue to the defendant's location because of the defendant's diabetic health issues.

The hardship is not limited to Mr. Haslett alone. Mr. Haslett's wife's presence, care, and assistance is critical in maintaining his health care regimen. <u>See</u> Affidavit of Kathleen Haslett at ¶¶ 6-7. If he is forced to travel she would have to go with him, thus doubling the expense of each trip and causing Ms. Haslett to take time off of work which would cause significant financial strain on the Hasletts, since Ms. Haslett is the primary wage earner at this time. <u>Id.</u> at ¶8.

Because health issues are a relevant consideration in a change of venue analysis, and because Mr. Haslett's health issues make it difficult if not impossible for him to travel long distances or be away from his treating physician for any significant period of time, the Court should deny the IRS's motion to stay and allow the case to proceed in the District Court for the District of Alaska.

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 9 of 13

02112007-8

## IV.  CROSS-MOTION TO ENJOIN IRS FROM PURSUING COLLECTION SUIT AGAINST HASLETT IN THE DISTRICT OF UTAH

In addition to opposing the IRS's Motion to Stay, Mr. Haslett also asks that this court enjoin the IRS from pursuing this matter against him in Utah until the case in Alaska is resolved.

> A United States District Court hearing a particular case, has the power to enjoin the filing of related law suits in another federal court.  Schauss v. Metals Depository Corp., 757 F.2d 649, 654 (5th Cir.1985).  This Court has the authority, inherent in the post, to exercise its discretion to avoid duplication of proceedings where related claims are being litigated in other districts.  Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403 (5th Cir.1971).

Hemmings v. U.S., 842 F.Supp. 935, 937 (S.D. Tex. 1993).

Where an action is brought in one U.S. District Court and a later action embracing the same issue is brought in another U.S. District Court, the first Court has jurisdiction to enjoin prosecution of the second action.  Kidd v. Andrews, 340 F.Supp.2d 333, 335 (W.D.N.Y. 2004); See Wood v. Santa Barbara Chamber of Commerce, Inc. 705 F.2d 1515, 1523 (9th Cir. 1983).  In this case the IRS brought an action in Alaska by way of its counterclaim before bringing the action in Utah.  Because the original action was brought in Alaska, the Alaska Court has jurisdiction to enjoin the pursuit of the collection action against Mr. Haslett in the Utah action pending the outcome of this action.

The IRS's argument that a counterclaim is not compulsory under Fed. R. Civ. P. 13(a) is not persuasive since the IRS already chose voluntarily to file a counterclaim in the Alaska District Court.  "Although such a claim may be permissive, once the Internal Revenue Service comes into Court seeking judicial relief, the same rules must apply as to

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS                    02112007-8
from Pursuing Action in the United States District Court for the District of Utah
Haslett v. U.S. Case No. 3:06-cv-00150 JWS
Page 10 of 13

any other party seeking relief." <u>Hemmings v. U.S.</u>, 842 F.Supp. 935, 937 (S.D. Tex. 1993).

In its Motion to Stay, the IRS cites a number of cases to support its position that its claim is not a compulsory counterclaim and therefore it is permissible for the IRS to file a separate suit in Utah against the exact same person based on the exact same issue. This is more of a procedural 'red hearing' than an actual persuasive argument. The case law cited by the IRS in footnote 4 of its motion is conceptually distinguishable from the case at hand because in those cases the IRS had not already filed a counterclaim in a taxpayer refund action before it instituted an independent action in another jurisdiction. Indeed the very reasoning behind the Court's holding in <u>Caleshu v. U.S.</u>, 570 F.2d 711 (C.A. Mo. 1978) was that making the IRS's claim a compulsory counterclaim would significantly limit the government's collection time period. However that is not a relevant consideration in the current situation, as the IRS has already filed a counterclaim, rendering the issue of time limitations moot.

In fact, in the very case cited by the IRS to support its position, Judge Ross, in his concurring opinion, labeled this type of tactic used by the IRS as "legal harassment." <u>Caleshu</u> 570 F.2d at 715.  Judge Ross explained the situation quite clearly when he chastised the government.

> I cannot refrain from criticizing the tactics [the IRS] is using in forcing a taxpayer to litigate his claim several thousand miles from his home after the first suit has been brought by the taxpayer in his home state.  In my opinion the practical result may very well be the inability of the taxpayer to get his full day in court because of the cost of defending a suit in Hawaii.  This type of legal harassment destroys the confidence of individual taxpayers in the fundamental fairness of the system.

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS          02112007-8
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 11 of 13

Id. at 714. In the case at hand the IRS's harassment is even more egregious as it actually *filled a counterclaim in Alaska* before bringing a separate action in Utah.

A U.S. District Court in Texas, in a similar situation, while recognizing that counterclaims by the IRS are generally permissible and not compulsory, still enjoined the IRS from pursuing its collection action in North Carolina where the IRS already had a claim for the same taxes pending in a Georgia Bankruptcy Court. Hemmings v. U.S., 842 F.Supp. 935, 936 (S.D. Tex. 1993). Because the IRS already has a claim for taxes pending in the Alaska Court, Hemmings is more factually similar to the case at hand than Calshu. In Hemmings the IRS was already pursuing its recovery in a different Court when it attempted to bring an action for those taxes in North Carolina, whereas in Calshu the IRS implemented no such prior action before attempting to bring its claim in Hawaii.

Because the IRS in this case is already pursuing an action to recover the taxes in question in the Alaska Court by way of the counterclaim it filed, the Court should not permit the IRS to make the same claim in Utah and force Mr. Haslett out of his chosen venue. Therefore, in addition to denying the IRS's Motion to Stay, Mr. Haslett asks this court to enjoin the IRS from continuing its suit against him in Utah until the case in Alaska is resolved.

## V. CONCLUSION

In order to preserve the venue chosen by the plaintiff in this matter, to spare Mr. Haslett financial and physical hardship, and to prevent the IRS from making a procedural end-run around the change of venue statute, this Court should deny the IRS's motion to stay the proceedings in Alaska and grant plaintiff's motion to enjoin the IRS from pursuing this action against Mr. Haslett in Utah while the Alaska case is still pending.

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 12 of 13                                                    02112007-8

DATED at Anchorage, Alaska, this 12th day of February, 2007.

/s/  Raymond E. Plummer
Raymond E. Plummer
RAYMOND E. PLUMMER,
ATTORNEY LLC
1007 West Third Avenue, Suite 301
Anchorage, AK 99501
Telephone: 907-272-9665
Facsimile 907-345-5396
ABA 6911045

Opposition to Motion to Stay and Cross-Motion to Enjoin the IRS
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 13 of 13                                                    02112007-8