NELSON P. COHEN
United States Attorney
Room C-253, Federal Building and
United States Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071

GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 307-6513

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| BRADLEY A. HASLETT ) | Civil No. 06-w-00150 JWS |
| ) | |
| Plaintiff, ) | UNITED STATES' REPLY TO |
| ) | PLAINTIFF'S OPPOSITION TO THE |
| v. ) | UNITED STATES' MOTION TO STAY |
| ) | THIS CASE AND OPPOSITION TO |
| UNITED STATES OF AMERICA, ) | PLAINTIFF'S CROSS-MOTION TO |
| ) | ENJOIN THE IRS FROM PURSUING |
| Defendant. ) | ACTION IN THE UNITED STATES |
| ) | DISTRICT COURT FOR THE DISTRICT |
| ) | OF UTAH |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRADLEY A. HASLETT ) | |
| ) | |
| Counterclaim Defendant.) | |

   The United States, by and through its undersigned counsel, files this reply to plaintiff's

opposition to the United States' Motion to Stay this Case ("motion") and its opposition to the

plaintiff's cross-motion to enjoin the IRS from pursuing action in the United States District Court for the District of Utah ("cross-motion").

ARGUMENT

**1.    Pursuant to the Anti-Injunction Act (26 U.S.C. § 7421(a)), the Court lacks jurisdiction to enjoin the United States from pursuing its collection action against plaintiff in the United States District Court for the District of Utah.**

In his cross-motion, plaintiff moves the Court to enjoin the United States from pursuing its collection action against him in the United States District Court for the District of Utah.[1]  The District Court lacks jurisdiction to grant this relief because such relief is barred by 26 U.S.C. § 7421(a) ("Anti-Injunction Act").

The Anti-Injunction Act provides, with certain exceptions discussed infra, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  The purpose of this statute is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference."  Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974).

The courts have repeatedly recognized that the Anti-Injunction Act prohibits injunctions against acts necessary or incidental to the assessment or collection of taxes, as well as against the specific acts of assessment and collection themselves.  The statutory ban against judicial interference with the assessment or collection of taxes "is applicable not only to the assessment or collection itself, but . . . to activities which are intended to or may culminate in the assessment or collection of taxes."  Colango v. United States, 575 F. 2d 994, 996 (1st Cir. 1978), citing

---

[1]On December 18, 2006, the United States filed a lawsuit against all four of the individuals (including plaintiff) assessed, pursuant to 26 U.S.C. § 6672, a trust fund recovery penalty for their involvement in Winward Electrical Services, Inc.  The case in the United States District Court for the District of Utah is United States of America v. David C. Gerber, Toby J. Quesinberry, James R. Millerberg and Bradley A. Haslett, Civil Number 06-1044.

United States v. Dema, 544 F. 2d 1373, 1376 (7th Cir. 1976); accord Smith v. Rich, 667 F.2d 1228, 1230 (5th Cir. 1982). Blech v. United States, 595 F.2d 462, 466 (9th Cir. 1979); see also Mathes v. United States, 901 F.2d 1031 (11th Cir. 1990); Zimmer v. Connett, 640 F.2d 208, 209-10 (9th Cir. 1981). In his cross-motion, plaintiff seeks to prevent the IRS from pursuing a collection action against him. Thus, the relief requested in the cross-motion is to enjoin tax collection. Unless plaintiff's request comes within an exception to the Anti-Injunction Act, it is barred by the Act. In this case, none of the exceptions, provided by 26 U.S.C. § 7421(a) or by the Supreme Court in Enochs v. Williams Packing, 370 U.S. 1 (1962), apply.

In support of his motion, plaintiff cites Hemmings v. United States, 842 F. Supp. 935 (S.D. Tex. 1993). Plaintiff's reliance on Hemmings is misplaced. In Hemmings, the Court enjoined the United States from pursuing a collection action in another court against the plaintiffs for tax liabilities assessed against them pursuant to 26 U.S.C. § 6672. Hemmings, 842 F. Supp. at 937. In Hemmings, unlike in this case, all of the parties assessed the trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, were in a single lawsuit. Id. at 936-37. In fact, the court enjoined the United States from pursuing an action in another court because the "parties are the same and the substantive issues overlap . . . ." Id. at 937. In this case, only one individual, out of a total of four who were assessed for their involvement with Winward Electrical Services, Inc, is in this lawsuit. Moreover, the United States could not counterclaim against the other three individuals in this case because the Court does not have personal jurisdiction over the other three individuals. See United States' Motion to Stay this Case, fn. 3.

**2.      The Court should grant the United States' Motion to Stay this Case because litigating this case in Utah will have a minimal effect on the amount of travel plaintiff will have to make.**

In his Opposition, plaintiff requests that the Court deny the United States' motion because of problems he will have traveling because of numerous health problems.[2] As an initial matter, regardless of whether this Court grants the United States' Motion to Stay this Case, the collection action in the United States District Court for the District of Utah will proceed. See discussion regarding the Anti-Injunction Act, supra. If the Court does not stay this case, both the United States and plaintiff will be forced to litigate the issues in two separate lawsuits which will lead to increased costs. Moreover, litigating two separate cases is not an efficient use of limited judicial resources.

Regardless of whether this Court or the court in Utah oversees this litigation, Plaintiff may need to travel. None of the other three individuals who have been assessed a trust fund recovery penalty for their involvement with Winward Electrical Services, Inc. reside in Alaska. In order to develop its case against plaintiff, at a minimum, the United States will need to take the depositions of the other three individuals assessed the trust fund recovery penalty. The other three individuals are located in Utah, California and Washington. If plaintiff wants to attend those depositions, he will have to travel to Utah, California and Washington.

The only difference between a lawsuit in Alaska and one in Utah is when the case goes to

---

[2] In his Opposition, plaintiff claims that the United States' motion is actually a motion to transfer venue. The United States did not file a motion to transfer venue because this lawsuit cannot be transferred to the United States District Court for the District of Utah. Pursuant to 28 U.S.C. § 1404, "a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff could only bring this suit in the United States District Court for the District of Alaska. See 28 U.S.C. § 1402 & 28 U.S.C. § 1346(a). Because plaintiff could only bring this suit in the District of Alaska, the United States did not make a motion to transfer venue.

trial. Depending on plaintiff's health at the time, the parties can take steps to accommodate him in a manner that will have a minimum effect on his health. For example, plaintiff could appear by video conference to give testimony at any trial that takes place in Utah. Plaintiff could also appear by telephone at depositions taken in other locations. In addition, if the court in Utah allows it, plaintiff and his attorneys could make telephonic appearances at any pretrial hearings.

CONCLUSION

For the foregoing reasons and the reasons stated in its motion, the United States requests that the Court grant its Motion to Stay this Case.

NELSON P. COHEN
United States Attorney

s/ Goud Maragani
GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6513
Email: Goud.P.Maragani@usdoj.gov
       Western.taxcivil@usdoj.gov

Attorneys for United States

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO THE UNITED STATES' MOTION TO STAY THIS CASE AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO ENJOIN THE IRS FROM PURSUING ACTION IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH has been made on this 20th day of February, 2007, by placing a copy thereof in a postage prepaid envelope addressed to:

George E. Goerig
Law Office of George E. Goerig, LLC
1007 West 3rd Avenue, Suite 301
Anchorage, AK 99501


s/ Goud Maragani
GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice