NELSON P. COHEN
United States Attorney
Room C-253, Federal Building and
United States Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071

GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 307-6513

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| BRADLEY A. HASLETT, </br></br>        Plaintiff, </br></br>  v. </br></br> UNITED STATES OF AMERICA, </br></br>        Defendant. </br>_____</br></br> UNITED STATES OF AMERICA, </br></br>        Counterclaim Plaintiff, </br></br>  v. </br></br> BRADLEY A. HASLETT </br></br>        Counterclaim Defendant. | Civil No. 06-w-00150 JWS </br></br> UNITED STATES' OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO ENJOIN THE IRS FROM PURSUING ACTION IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH |

Pursuant to the Court's Docket Annotation (dated February 22, 2007), the United States, by and through its undersigned counsel, refiles, as a document separate from its reply to

plaintiff's opposition to the United States' Motion to Stay this Case, its opposition to the plaintiff's cross-motion to enjoin the IRS from pursuing action in the United States District Court for the District of Utah.

ARGUMENT

1. **Pursuant to the Anti-Injunction Act (26 U.S.C. § 7421(a)), the Court lacks jurisdiction to enjoin the United States from pursuing its collection action against plaintiff in the United States District Court for the District of Utah.**

In his cross-motion, plaintiff moves the Court to enjoin the United States from pursuing its collection action against him in the United States District Court for the District of Utah.[1] The District Court lacks jurisdiction to grant this relief because such relief is barred by 26 U.S.C. § 7421(a) ("Anti-Injunction Act").

The Anti-Injunction Act provides, with certain exceptions discussed infra, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." The purpose of this statute is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974).

The courts have repeatedly recognized that the Anti-Injunction Act prohibits injunctions against acts necessary or incidental to the assessment or collection of taxes, as well as against the specific acts of assessment and collection themselves. The statutory ban against judicial interference with the assessment or collection of taxes "is applicable not only to the assessment or collection itself, but . . . to activities which are intended to or may culminate in the assessment

---

[1] On December 18, 2006, the United States filed a lawsuit against all four of the individuals (including plaintiff) assessed, pursuant to 26 U.S.C. § 6672, a trust fund recovery penalty for their involvement in Winward Electrical Services, Inc. The case in the United States District Court for the District of Utah is United States of America v. David C. Gerber, Toby J. Quesinberry, James R. Millerberg and Bradley A. Haslett, Civil Number 06-1044.

or collection of taxes." Colango v. United States, 575 F. 2d 994, 996 (1st Cir. 1978), citing United States v. Dema, 544 F. 2d 1373, 1376 (7th Cir. 1976); accord Smith v. Rich, 667 F.2d 1228, 1230 (5th Cir. 1982). Blech v. United States, 595 F.2d 462, 466 (9th Cir. 1979); see also Mathes v. United States, 901 F.2d 1031 (11th Cir. 1990); Zimmer v. Connett, 640 F.2d 208, 209-10 (9th Cir. 1981). In his cross-motion, plaintiff seeks to prevent the IRS from pursuing a collection action against him. Thus, the relief requested in the cross-motion is to enjoin tax collection. Unless plaintiff's request comes within an exception to the Anti-Injunction Act, it is barred by the Act. In this case, none of the exceptions, provided by 26 U.S.C. § 7421(a) or by the Supreme Court in Enochs v. Williams Packing, 370 U.S. 1 (1962), apply.

In support of his motion, plaintiff cites Hemmings v. United States, 842 F. Supp. 935 (S.D. Tex. 1993). Plaintiff's reliance on Hemmings is misplaced. In Hemmings, the Court enjoined the United States from pursuing a collection action in another court against the plaintiffs for tax liabilities assessed against them pursuant to 26 U.S.C. § 6672. Hemmings, 842 F. Supp. at 937. In Hemmings, unlike in this case, all of the parties assessed the trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, were in a single lawsuit. Id. at 936-37. In fact, the court enjoined the United States from pursuing an action in another court because the "parties are the same and the substantive issues overlap . . . ." Id. at 937. In this case, only one individual, out of a total of four who were assessed for their involvement with Winward Electrical Services, Inc, is in this lawsuit. Moreover, the United States could not counterclaim against the other three individuals in this case because the Court does not have personal jurisdiction over the other three individuals. See United States' Motion to Stay this Case, fn. 3.

CONCLUSION

For the foregoing reasons, the United States requests that the Court deny plaintiff's cross-motion to enjoin the IRS from pursuing action in the United States District Court for the District of Utah.

Dated this 23rd day of February.

                                        NELSON P. COHEN
                                      United States Attorney

                                      s/ Goud Maragani
                                      GOUD P. MARAGANI
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 683
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      Telephone: (202) 307-6513
                                      Email: Goud.P.Maragani@usdoj.gov
                                                          Western.taxcivil@usdoj.gov

                                      Attorneys for United States

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the UNITED STATES' OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO ENJOIN THE IRS FROM PURSUING ACTION IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH has been made on this 23rd day of February, 2007, by placing a copy thereof in a postage prepaid envelope addressed to:

George E. Goerig
Law Office of George E. Goerig, LLC
1007 West 3rd Avenue, Suite 301
Anchorage, AK 99501


s/ Goud Maragani
GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice