Raymond E. Plummer
ABA 6911045
RAYMOND E. PLUMMER, ATTORNEY LLC
1007 West Third Avenue, Suite 301
Anchorage, AK 99501
Telephone: 907-272-9665/Facsimile 907-345-5396
Attorney for Plaintiff Bradley A. Haslett

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRADLEY A. HASLETT,<br><br>      Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. 3:06-cv-00150 JWS<br><br>REPLY TO IRS'S OPPOSITION TO PLAINTIFF'S CROSS- MOTION TO ENJOIN THE IRS FROM PURSUING ACTION IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH |

This court has jurisdiction to enjoin the IRS from pursing its case against Mr. Haslett in the United States District Court for the District of Utah because the Anti-Injunction Act neither expressly nor implicitly prevents the type of injunction requested by Mr. Haslett under these circumstances.

28 U.S.C. § 1346(a)(1) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." However Mr. Haslett has not brought a suit for the purpose of restraining the assessment or collection of tax – just the opposite – he has brought a suit to resolve the tax issue by way of his refund suit in the Federal District Court for the District of Alaska.

Reply to IRS's Opposition to Plaintiff's Cross-Motion to Enjoin the IRS       03022007-1
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 1 of 6

The IRS argues that the injunction requested by Mr. Haslett would restrain the collection and assessment of taxes against him. However, since the IRS is already proceeding against Mr. Haslett for the entire amount of the taxes the IRS claims that Mr. Haslett owes in the United States District Court for the District of Alaska, and because the injunction requested by Mr. Haslett would not in any way interfere with the collection attempts (the assessment has already been made) but will merely prevent the IRS from litigating an identical matter against him in Utah, the Anti-Injunction Act does not prevent this Court from issuing such an injunction.

In the primary case cited by the IRS in support of its position, the U.S. Supreme Court expressly left open the possibility that injunctive relief may be available in refund actions. Bob Jones Univ. v. Simon, 416 U.S. 725, 748 n. 22 (1974). In Bob Jones, the U.S. Supreme Court speculated that the Anti-Injunction Act might not bar an injunction requested in a refund suit.

> Petitioner did not bring this case as a refund action. Accordingly, we have no occasion to decide whether the Service is correct in asserting that a district court may not issue an injunction in such a suit, but is restricted in any tax case to the issuance of money judgments against the United States. **We note, however, that the Service's position with regard to the range of relief available in a refund suit raises several considerations not presented by a pre-enforcement suit for an injunction. For example, it may be possible to conclude that a suit for a refund is not 'for the purpose of restraining the assessment or collection of any tax . . .,' and thus that neither the literal terms nor the principal purpose of s 7421(a) is applicable.** Moreover, such a suit obviously does not clash with what the Court referred to in Williams Packing, supra, as a 'collateral objective of the Act-protection of the collector from litigation pending a suit for refund.'

Id. at 748 n. 22 (citations omitted) (emphasis added).

Reply to IRS's Opposition to Plaintiff's Cross-Motion to Enjoin the IRS                    03022007-1
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 2 of 6

As the IRS noted in its Opposition, the primary objectives of the Anti-Injunction Act is to prevent "pre-enforcement judicial interference." IRS Opposition to Plaintiff's Cross Motion at 2 (quoting Bob Jones, 416 U.S. at 736-37). The injunction requested by Mr. Haslett will not create "pre-enforcement judicial interference" since the IRS has already begun enforcement by way of its counterclaim against Mr. Haslett. What's more, the IRS, when quoting Bob Jones, neglected to quote the entire sentence wherein the Court stated that the primary purpose of the Anti-Injunction Act is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, '**and to require that the legal right to the disputed sums be determined in a suit for refund.**'" Bob Jones, 416 U.S. at 736 quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7-8 (1962) (emphasis added). The last half of that sentence puts the first half in perspective. The Supreme Court does not want individuals trying to prevent collection by the IRS by bringing preemptive suits to enjoin collection rather than pay the assessment and then sue in a refund action for recovery. Certainly that is not a risk in the present case since Mr. Haslett has done exactly what the Anti-Injunction Act was created to compel individuals to do. He has paid the requisite part of the assessment and has now a brought suit for a refund in the United States District Court for the District of Alaska. Furthermore, the IRS has counterclaimed against Mr. Haslett for the remaining deficiencies thus bringing the entire amount into dispute in this one case. Therefore the injunction requested by Mr. Haseltt will not result in the premature interference with the assessment or collection of taxes by the IRS, rather it will merely ensure that the IRS continues the assessment and

Reply to IRS's Opposition to Plaintiff's Cross-Motion to Enjoin the IRS        03022007-1
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 3 of 6

collection of those taxes by way of the present suit in the United States District Court for the District of Alaska rather than in a new suit brought in Utah.

The IRS argues that Mr. Haslett's requested injunction constitutes an activity which is intended to or may culminate in the assessment or collection of taxes. See Opposition at 3. However the circumstances of the present case are unlike any of the circumstances presented in the cases cited by the IRS. Mr. Haslett is not attempting to prevent the IRS from pursuing collection against him altogether unlike the taxpayers in Mathes v. U.S., 901 F.2d 1031 (11th Cir. 1990) (taxpayer sought an injunction to restrain the assessment and collection of federal income taxes for the year 1977 and to invalidate a tax lien against him), in Blech v. U.S., 595 F.2d 462 (9th Cir. 1979) (taxpayer sought an injunction permanently restraining the Government from assessing any tax liability for 1971), or in Colango v. U.S., 575 F.2d 994 (1st Cir. 1978) ( taxpayer requested that the Court discharge tax liens against his property). Mr. Haslett is not attempting to deprive the IRS of some type of evidence or prevent them from pursuing some means of investigation unlike the taxpayers in Zimmer v. Connett, 640 F.2d 208 (9th Cir. 1981) (taxpayers asked for a mandatory injunction compelling the District Director to grant them a hearing before permitting an additional inspection of their books by the IRS), Smith v. Rich, 667 F.2d 1228 (5th Cir. 1982) ( taxpayers asked the court to prevent the IRS agent from taking action against them with regard to certain tax returns without first "showing cause" as to why the IRS was investigating them), or in U.S. v. Dema, 544 F.2d 1373 (7th Cir. 1976) (taxpayers requested an injunction against issuance of IRS subpoenas). Mr. Haslett's requested injunction will not restrain the assessment or

Reply to IRS's Opposition to Plaintiff's Cross-Motion to Enjoin the IRS    03022007-1
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 4 of 6

collection of any tax and therefore, unlike in the cases cited by the IRS, the Anti-Injunction Act does not prevent the court from issuing such an injunction.

The United States District Court for the District of Texas had no qualms about enjoining the IRS from bringing a suit in another jurisdiction. In Hemmings v. U.S., 842 F.Supp. 935 (S.D. Tex. 1993) the IRS argued (just as it does in the present case) that the District Court for the District of Texas had no authority to enjoin the North Carolina collection suit because such an action was barred by the Anti-Injunction Act. Id. at 937. The Texas Court reasoned that although the Anti-Injunction Act prohibits suits that restrain the assessment and collection of tax, "that authority does not prevent a United States District Court hearing a particular case from enjoining the filing of related law suits in another federal court." Id. The Court stated that "[t]his Court has the authority, inherent in the post, to exercise its discretion to avoid duplication of proceedings where related claims are being litigated in other districts." Id.

The IRS is already pursuing the collection of the taxes against Mr. Haslett in the United States District Court for the District of Alaska. However for reasons of its own convenience, the IRS is also suing Mr. Haslett for those same taxes in the United States District Court for the District of Utah. Because of Mr. Haslett's health, traveling to Utah would be risky for him. And because of basic human nature, appearing via electronic means (such as telephone or videoconference) at trial would unquestionably prejudice him in the eyes of a jury regardless of any admonitions given by the Judge. This court has authority, inherent in the post, to exercise its discretion and prevent the IRS from proceeding against Mr. Haslett in Utah for collection of taxes already at issue in the

Reply to IRS's Opposition to Plaintiff's Cross-Motion to Enjoin the IRS   03022007-1
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 5 of 6

United States District Court for the District of Alaska. Mr. Haslett respectfully requests that this court exercise that jurisdiction.

## **CONCLUSION**

The refund action brought by Mr. Haslett is not a "suit for the purpose of restraining the assessment or collection of any tax" and the injunction that he requests in this matter would not serve to interfere in any way with the assessment or collection of taxes against Mr. Haslett. Instead, Mr. Haslett merely asks this court for an injunction preventing the IRS from hauling Mr. Haslett into court two-thousand miles away from his home state to a state in which he has never set foot, to defend a case that the IRS is already pursuing here in Alaska. The Anti-Injunction Act does not bar the court from exercising this type of inherent authority and therefore Mr. Haslett asks that his request for an injunction be granted.

DATED at Anchorage, Alaska, this 2nd day of March, 2007.

/s/ Raymond E. Plummer
Raymond E. Plummer
RAYMOND E. PLUMMER, ATTORNEY LLC
1007 West Third Avenue, Suite 301
Anchorage, AK 99501
Telephone: 907-272-9665
Facsimile 907-345-5396
ABA 6911045

Reply to IRS's Opposition to Plaintiff's Cross-Motion to Enjoin the IRS        03022007-1
from Pursuing Action in the United States District Court for the District of Utah
*Haslett v. U.S.* Case No. 3:06-cv-00150 JWS
Page 6 of 6