# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY W. O'CONNOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. C06-0554RSL<br><br>ORDER GRANTING MOTION<br>TO STAY THE CASE |

This matter comes before the Court on defendant's Motion to Stay This Case (Dkt. #7-1) until the resolution of a separate action in the United States District Court for the Northern District of California. For the reasons discussed herein, the motion by the United States is GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed a complaint in the Western District of Washington on April 20, 2006. In the complaint, plaintiff contested a $330,060.01 tax penalty exacted by the United States under 26 U.S.C. § 6672 ("Section 6672"). Plaintiff's penalty arose from his employment as Vice President of Sable Technologies, Incorporated ("Sable Technologies"), a California-based company. The statute assigns culpability if a person responsible for collecting, accounting for, and paying over to the United States taxes withheld from employees' wages fails to do so. 26

ORDER GRANTING MOTION TO STAY- 1

U.S.C. § 6672(a). More than one person may share liability jointly and severally for the full amount of the unpaid taxes. 26 U.S.C. § 6672(d). Plaintiff contends that his role as Vice President did not accord him the duties described in Section 6672. Plaintiff followed the standard procedure to oppose the penalty by remitting $100 which allowed him to initiate the present action. He seeks both a refund of the $100 and a determination that the United States erred in assessing a Section 6672 violation against him.

On July 25, 2006, the Court granted the United States' unopposed motion to extend time to respond to the complaint. The United States asserted that it would use the time extension to coordinate a "cogent and accurate response" with the Internal Revenue Service to advance the litigation. (Dkt. #5-1). Subsequently, the United States initiated a suit against plaintiff and two other Sable Technologies employees, Katherine Kruss and John D. Bailey ("U.S. v. Kruss") in the United States District Court for the Northern District of California. The three co-defendants in U.S. v. Kruss are alleged to have willfully failed to turn over withheld taxes during the same fiscal periods.[1] The United States now moves to stay the present action for the sake of judicial economy.

## II. DISCUSSION

Plaintiff argues that lack of service of process on plaintiff in U.S. v. Kruss bars a stay in the present action. However, the Ninth Circuit has rejected a similar contention. "A federal action is commenced with the filing of the complaint, not by service of process. It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 96 (9th Cir. 1982) (citing Product Eng'g and Mfg., Inc. v. Barnes, 424 F.2d 42, 44 (10th Cir. 1970)). The United States commenced the action in the Northern District of California by filing. As a result, lack of service of process on plaintiff in

---

[1] All three co-defendants in U.S. v. Kruss were penalized under Section 6672 for the tax period ending March 31, 2001 for the sum of $62,149.99. Both Katherine Kruss and plaintiff were penalized for the tax period ending June 30, 2001 for the sum of $267,910.02. John D. Bailey was not penalized for the tax period ending June 30, 2001. (Dkt. #7-2).

ORDER GRANTING MOTION TO STAY- 2

U.S. v. Kruss does not present a roadblock to considering the merits of the United States' argument.

      The United States urges this Court to stay the present action pending the resolution of U.S. v. Kruss. The comity doctrine vests a district court with discretion to decline jurisdiction over a case in order to avoid parallel litigation in a coordinate court. Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 184 (1952). A court may employ the comity doctrine where two claims have been filed in different courts over the same issue involving the same parties. Church of Scientology of California v. U.S. Dep't of Army, 611 F.2d 738, 749 (9th Cir. 1979). The "first to file" rule gives deference to the court with the earlier filing date. Pacesetter Systems, 678 F.2d at 95. However, the Supreme Court criticized this formulaic approach where the logistical problems were equitable in nature and the second forum best promoted resolution. Kerotest, 342 U.S. at 183. "Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." Id. The Ninth Circuit noted that it is "imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties." Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979). Thus, concerns of conserving judicial resources may outweigh the "first to file" rule.

      Strictly applied, the "first to file" rule favors plaintiff's position. Plaintiff filed his complaint prior to the United States initiating U.S. v. Kruss. Furthermore, the United States requested additional time to file an answer in order to craft a coordinated response with the Internal Revenue Service. The United States filed the parallel action with full knowledge of the present action and as a reaction to plaintiff's suit. However, a "first to file" analysis is too simplistic in the present matter. The California forum represents the only place in which the government may pursue its claim against all three alleged tax evaders. It argues that litigating simultaneously in two forums wastes judicial resources. Given the factual overlap between the two cases, comity favors granting the motion to stay the present action. The same factual and

ORDER GRANTING MOTION TO STAY- 3

legal question lies at the heart of both proceedings: "Is plaintiff a responsible person under Section 6672?" Without the stay, two courts will examine the same issue regarding plaintiff. That situation would waste judicial resources and could lead to inconsistent results.

Plaintiff correctly asserts that his choice of forum deserves a degree of deference. He underscores the Supreme Court's observation that "a plaintiff's choice of forum should rarely be disturbed." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981). However, Plaintiff's reliance upon Piper Aircraft is misplaced. That dispute revolved around transfer and dismissal of an action based upon the doctrine of *forum non conveniens*. Id. at 240. Plaintiff is correct that transfer can only occur if the new venue is a place where the claim could have been brought. 28 U.S.C. § 1404(a). Granting a transfer in this case would be inappropriate since plaintiff resides in Washington and could not bring a claim against the government in the Northern District of California. 28 U.S.C. § 1402(a)(1). However, the United States seeks a stay, not a transfer. Staying the current litigation does not divest this court of jurisdiction. Pending the outcome of the California case, plaintiff may move to reopen this case. Accordingly, although plaintiff's choice of forum is entitled to deference, a stay would both preserve his rights and avoid concurrent litigation.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS the United States' Motion to Stay This Case.

DATED this 18th day of October, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO STAY- 4