Raymond E. Plummer
ABA 6911045
RAYMOND E. PLUMMER, ATTORNEY LLC
1007 West Third Avenue, Suite 301
Anchorage, AK 99501
Telephone: 907-272-9665/Facsimile 907-345-5396
Attorney for Plaintiff Bradley A. Haslett

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRADLEY A. HASLETT,           )<br>                              )<br>         Plaintiff,           )<br>vs.                           )<br>                              )<br>UNITED STATES OF AMERICA,     )<br>                              )<br>                              )<br>         Defendant.           )<br>_____) | Case No. 3:06-cv-00150 JWS<br><br>REPLY TO IRS'S<br>SUPPLEMENTAL AUTHORITY |

On May 18, 2007, the IRS filed supplemental authority in this matter in the form of an unpublished 1994 Order in a Federal Court of Claims case, <u>Robert Klein v. United States</u>, Civil No. 93-614T (Fed. Cl. June 28, 1994), an unpublished October 2006 Order from the District Court of the Western District of Washington <u>O'Connor v. United States</u>, Case No. C06-0554RSL (W.D. Wa. October 18, 2006), and <u>United States v. Costello et. al</u>, 809 F. Supp. 56 (E.D. Wis. 1992). This authority is distinguishable from the case at hand and is not persuasive in this matter.

The three cases cited by the IRS involve the "first-to-file" rule, a rule not previously argued by the IRS or Mr. Haslett in the briefing already submitted to this Court. Mr. Haslett does not claim the fact he was the first to file is the sole reason the Court should allow this case to proceed in Alaska. Indeed this issue was barely touched upon by either party. Mr. Haslett instead informed the Court of his severe health issues, of the prejudice he would suffer if forced to litigate in Utah, of the indicia of forum shopping demonstrated by the IRS, and of the steps the IRS has already taken to pursue this case in Alaska. Mr. Haslett then argued that a change of venue analysis weighed in favor of maintaining the case in Alaska.

The Klein, O'Connor, and Costello cases are distinguishable from the case at hand because the individuals in Klein, O'Connor, and Costello did not suffer from serious health issues like Mr. Haslett, and because in none of those three cases did the IRS counterclaim against the plaintiff in the plaintiff's chosen venue as it did against Mr. Haslett here in Alaska. Further, the distances involved in the Klein, O'Connor, and Costello cases are nowhere near as great as the distance between Alaska and Utah. For example, Klein involved travel between New York and Washington D.C., O'Connor involved travel between the State of Washington and California, and Costello involved travel between Minnesota and Wisconsin. The hardship that Mr. Haslett will suffer if he is forced to litigate this case in Utah is significantly greater than in any of these three cases cited by the IRS.

The IRS is already pursuing this case against Mr. Haslett in Alaska, and the Klein, O'Connor, Costello cases do nothing to bolster the IRS's claim that is should be permitted to forum shop indiscriminately to the detriment of the taxpayer who filed this case in a timely manner in the appropriate court.

More importantly, however, is that the parties already briefed and argued similar legal issues before Utah Magistrate Judge Alba who carefully considered the arguments and decided in favor of Mr. Haslett. (See Plaintiff's Notice of Supplemental Authority Docket Number 34). This case is currently stayed in Utah as to Mr. Haslett. Now the IRS is asking the Utah Court to reconsider Magistrate Judge Alba's ruling and permit the *Alaska* Court to decide the first-to-file issue (despite the fact that the IRS is asking the Alaska Court to stay these proceedings in favor of the Utah Court). First the IRS asked this Court to stay the case in Alaska, and now the IRS is asking the Utah Court to send the decision back to the Alaska Court. The IRS is not just forum shopping for a trial venue, it is forum shopping for each and every ruling and this Court should not permit it to do so.

It is also interesting to note that none of the cases cited by the IRS in its "Supplemental Authority" are newly decided case law that could not have been discovered by the IRS in a timely fashion before the due date of the IRS's Reply. Only after the IRS received an unfavorable decision in the Utah did it file this supplemental authority here in Alaska. This authority is untimely and does not directly address the

issues argued in the parties' previous briefing on this matter. If the IRS wanted to argue the first-to-file rule it should have done so within the deadlines set forth in the civil rules rather than trying to slip the argument in as "supplemental authority" over a month after the last bit of briefing was filed on the matter.

For the foregoing reasons Mr. Haslett respectfully request s that this Court disregard the supplemental authority cited by the IRS and deny the IRS's Motion to Stay.

DATED at Anchorage, Alaska, this 29th day of May, 2007.

> RAYMOND E. PLUMMER, ATTORNEY LLC
> Attorney for Plaintiff Bradley Haslett
>
> /s/  Raymond E. Plummer
> Raymond E. Plummer
> RAYMOND E. PLUMMER, ATTORNEY LLC
> 1007 West Third Avenue, Suite 301
> Anchorage, AK 99501
> Telephone: 907-272-9665
> Facsimile 907-345-5396
> ABA 6911045